BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT
A True Copy
Attest:

Susan M. Spraul, Clerk
by Deputy Clerk

FILED

DEC 06 2010

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

RECEIVED
DEC - 8 2010
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-10-1379 |
| | Bk. No. 09-48681 |
| DWIGHT JEFFERY SPEIR, | |
| Debtor. | |
| DWIGHT JEFFERY SPEIR, | |
| Appellant, | |
| v. | ORDER DISMISSING APPEAL |
| GMAC MORTGAGE, LLC; MARTHA G. BRONITSKY, Chapter 13 Trustee, | |
| Appellees. | |

Before: HOLLOWELL, JURY and KIRSCHER, Bankruptcy Judges.

On August 4, 2010, the bankruptcy court issued an order granting a motion for relief from stay. Appellant filed a notice of appeal from that order on October 4, 2010.

On October 12, 2010, the BAP issued a Notice of Deficient Appeal and Impending Dismissal ("NOD") indicating that the notice of appeal appeared untimely and requiring a response from appellant. Appellant did not file a response to the NOD, and the copy of the NOD which was mailed to appellant was returned

to the BAP as undeliverable.

After contacting appellant and obtaining a new mailing address, the BAP issued a second NOD on November 16, 2010. Appellant has not filed a response to either NOD as of the date of the entry of this order.

Fed. R. Bankr. P. 8002(a) provides that the notice of appeal must be filed within fourteen days of the date of entry of the order on appeal.

There were three letters filed by Mr. Speir following the entry of the order on appeal. Bankruptcy Court Docket at 42, 43 and 45. The two letters filed with the bankruptcy court on August 11, 2010 do not indicate that appellant is seeking to alter or amend the order granting relief from stay. See F. R. Bankr. P. 8002(b). Even if the panel was to consider the September 10, 2010 letter as a request to alter or amend the order granting relief from the automatic stay, the September 10, 2010 letter did not toll the time for filing a notice of appeal since it was filed more than fourteen days after entry of the order on appeal. Fed. R. Bankr. P. 8002(b) and 9023.

If the notice of appeal is not timely filed, the appellant waives the right to appeal; "[f]ailure to file within the time limit divests the appellate court of jurisdiction." Preblich v. Battley, 181 F.3d 1048, 1056 (9th Cir. 1999). See also Disabled

<u>Rights Action Comm. v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 869 (9th Cir. 2004)(filing of effective notice of appeal is a nonwaivable jurisdictional requirement). The notice of appeal was filed after the time period allowed in Fed. R. Bankr. P. 8002.

Accordingly, this appeal is hereby ORDERED DISMISSED as untimely and for lack of prosecution.

A certified copy of this order sent to the bankruptcy court shall serve as the Panel's mandate.

3

BkCt, Oakland
U.S. Bankruptcy Court
United States Courthouse
Suite 300
1300 Clay Street
Oakland, CA 94612-1425